UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:22-cr-407-SDM-JSS

NEUKENYA JOKINES

**UNITED STATES' MOTION
FOR AN ORDER OF FORFEITURE**

Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States of America moves for an order of forfeiture against the defendant in the amount of $24,536.47, representing the amount of proceeds she personally obtained as the result the conspiracy offense charged in Count One of the Superseding Information.

In accordance with Rule 32.2(b)(4) and the defendant's plea agreement (Doc. 351 at 9), the United States asks that the order of forfeiture be made final as to the defendant at the time it is entered.

In support, the United States submits the following memorandum of law.

**MEMORANDUM OF LAW**

**I.   Statement of Facts**

   **A.   Allegations Against the Defendant**

   1.   The United States filed a Superseding Information charging the defendant with wire fraud conspiracy, in violation of 18 U.S.C. § 371. Doc. 367.

2. The forfeiture allegations notified the defendant that, under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the United States intended to forfeit any property constituting, or derived from proceeds the defendant obtained, directly or indirectly, as a result of such violation, including, but not limited to, an order of forfeiture in the amount of at least $24,536.47. *Id.* at 7.

### B. Findings of Guilt and Admissions of Fact

3. On October 30, 2023, the defendant pleaded guilty to Count One of the Superseding Information pursuant to a written plea agreement and United States Magistrate Judge Julie S. Sneed recommended that her plea be accepted. Docs. 370, 373. On November 20, 2023, United States District Judge Steven D. Merryday accepted her plea and adjudicated her guilty. Doc. 411. The defendant's sentencing is currently scheduled for February 21, 2024. *Id.*

4. In her plea agreement (Doc. 351 at 17-20), the defendant admitted that she personally obtained $24,536.47 in fraud proceeds from the wire fraud conspiracy as charged in Count One of the Superseding Information.

### C. Admissions Related to Forfeiture

5. In her plea agreement, the defendant admitted and agreed that pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the United States was entitled to an order of forfeiture in the amount of $24,536.47, representing the amount of proceeds the defendant personally obtained as a result of the conspiracy as charged in Count One. Doc. 351 at 8. Moreover, the defendant agreed that the United States

is entitled to forfeit any of the defendant's property as substitute assets to satisfy the Order of Forfeiture and that the order of forfeiture would be final upon entry. The defendant also agreed that since the criminal proceeds have been transferred to third parties and cannot be located by the United States upon the exercise of due diligence, the preliminary and final orders of forfeiture should authorize the United States Attorney's Office to conduct discovery (including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas), pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, to help identify, locate, and forfeit substitute assets. *Id.* at 8-9.

## II.     Applicable Law

### A.     Forfeiture Statute

Forfeiture in this case is governed by 18 U.S.C. § 981(a)(1)(C), which provides for the civil forfeiture of any property, real or personal, that constitutes or is derived from proceeds traceable to a violation of any offenses constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title). A violation of 18 U.S.C. § 371 is a "specified unlawful activity" under 18 U.S.C. § 1956(c)(7). *See* 18 U.S.C. § 981(a)(1)(C) and 18 U.S.C. § 1956(c)(7)(D). Pursuant to 28 U.S.C. § 2461(c), the United States is authorized to forfeit this property criminally utilizing the procedures set forth in 21 U.S.C. § 853.

### B. Court's Determination of Forfeiture

Rule 32.2, Federal Rules of Criminal Procedure, governs the criminal forfeiture of property based on a defendant's conviction for the offense giving rise to the forfeiture. Rule 32.2(b)(1) requires that as soon as practical after a verdict or finding of guilty, or after a plea of guilty is accepted, the Court must determine what property is subject to forfeiture under the applicable statute. Fed. R. Crim. P. 32.2(b)(1)(A). The Court's determination may be based on evidence already in the record, or any additional evidence submitted by the parties and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B).

Because the United States could not locate any of the specific property traceable to the defendant's conspiracy offense, the United States seeks an order of forfeiture against the defendant in the amount of $24,536.47, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2). As the defendant has agreed, she personally obtained $24,536.47 in proceeds as a result of the conspiracy offense. If the Court finds that the defendant obtained $24,536.47 as a result of her participation in the conspiracy and that the defendant has dissipated those proceeds, then it is appropriate for the Court to enter an order of forfeiture against the defendant in that amount pursuant to Rule 32.2(b)(2).

### III. Conclusion

For the reasons stated above, the United States requests that the Court, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2),

Federal Rules of Criminal Procedure, enter an Order of Forfeiture against the defendant in the amount of $24,536.47.

As required by Federal Rule of Criminal Procedure 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and include the forfeiture order, directly or by reference, in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(A) and (B).

Finally, the United States further requests that the Court retain jurisdiction to address any third-party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and to order any substitute assets forfeited to the United States up to the amount of the order of forfeiture.

The United States requests that the Court retain jurisdiction to address any third-party interest that may be asserted and to complete the forfeiture and disposition of the property.

        Respectfully Submitted,

        ROGER B, HANDBERG
        United States Attorney

By:    *s/James A. Muench*
        JAMES A. MUENCH
        Assistant United States Attorney
        Florida Bar Number 472867
        400 North Tampa Street, Suite 3200
        Tampa, Florida 33602
        (813) 274-6000 – telephone
        E-mail: james.muench2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/James A. Muench*
JAMES A. MUENCH
Assistant United States Attorney
